NOT DESIGNATED FOR PUBLICATION

No. 127,665

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TALMADGE WHITEHEAD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed October 10, 2025. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, deputy district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: Talmadge Whitehead appeals the district court's denial of his request to reinstate his probation. Finding no abuse of discretion by the district court, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In September 2023, Talmadge Whitehead pled guilty to criminal use of a weapon and theft—both nonperson felonies. Whitehead was sentenced in November 2023 to 17 months in prison, but the court suspended his sentence and imposed an 18-month term of probation.

Just one month later, the State moved to revoke Whitehead's probation, alleging that he failed to report to the probation office as directed, and failed to obtain an alcohol and drug evaluation.

Prior to his probation revocation hearing, the State amended its allegations to add that Whitehead also failed to obey the law by committing new crimes, failing to refrain from the possession or use of drugs without a prescription, failing to report law enforcement contact, and failing to make payments as directed.

At his probation revocation hearing in April 2024, Whitehead stipulated that he violated his probation as alleged by the State in both warrants—including that he had committed new crimes. Whitehead requested that the district court reinstate his probation and place him in a drug court program. The State also recommended the district court place Whitehead in a drug court program, but if that was not possible, the State asked that the court revoke Whitehead's probation and impose his prison sentence. After considering the recommendations of the parties, the district court revoked probation and ordered that Whitehead serve his prison sentence. The district court reasoned in part:

> "You know, drug court is a great program. I mean, I got my start here in Wichita
> with it. Unfortunately, there's a couple of problems here that it's not an option in this
> instance. One is we've got new offenses, and that's the central condition of probation is
> don't violate the law. And then number two the failure to report to probation. That is—
> that makes—in drug court, there's a lot of reporting. You're going into court pretty

2

frequently and seeing treatment providers and probation officers. It's pretty intensive. So it doesn't appear a good option. So I'm not giving up on you, but I can't continue with the probation."

Whitehead timely appeals.

ANALYSIS

DID THE DISTRICT COURT ABUSE ITS DISCRETION WHEN IT REVOKED WHITEHEAD'S PROBATION AND IMPOSED THE UNDERLYING PRISON SENTENCE?

Whitehead appeals the revocation of his probation and imposition of his prison sentence. He argues that the district court abused its discretion by failing to give him an additional opportunity on probation so that he could participate in a drug court program.

*Standard of Review*

K.S.A. 22-3716 governs the procedure for revoking an offender's probation. "Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute." *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

This court reviews "the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion." 315 Kan. at 328. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

Whitehead does not contend the district court's action was based on an error of law or fact but contends that the district court's decision was unreasonable under the facts.

3

Whitehead has the burden of proving the court's decision constituted an abuse of discretion. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

*The district court did not abuse its discretion when it revoked Whitehead's probation and imposed his prison sentence.*

At his probation revocation hearing, Whitehead argued that based on his history of drug addiction, another chance at probation would be appropriate so that he could participate in a drug court program. In making his argument, Whitehead admitted that he had a "significant drug problem." Additionally, Whitehead's counsel advocated that Whitehead had a job that would remain available to him if he were to be released from custody and that he could continue to work while participating in a drug court program. On appeal, Whitehead argues that the district court abused its discretion when ordering him to serve his prison sentence rather than reinstating his probation and ordering the drug court program. He argues the district court missed an "opportunity to address the penological needs of both [his] and [the] broader society."

Even so, Whitehead stipulated at his probation revocation hearing that he committed new crimes while on felony probation. Statutorily, a court may revoke probation without prior sanctions if a new crime is committed while on probation. K.S.A. 22-3716(c)(7)(C) (authorizing revocation of probation and imposition of an underlying prison sentence without first imposing intermediate sanctions when the original crime of conviction was a felony). The district court's decision was not based on any error of fact or law.

Therefore, this court may only reverse the district court's decision to deny Whitehead's request to be reinstated on probation if no reasonable person would agree with the district court. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296

(2015) ("[A]n appellate court may find an abuse of discretion only when no reasonable person would agree with the district court's decision.").

At his probation revocation hearing, Whitehead stipulated that he committed new crimes while on felony probation, failed to report as directed, failed to complete an alcohol and drug evaluation, continued to possess or use drugs, failed to report law enforcement contact, and failed to make required payments. The district court noted that while it was not giving up on Whitehead, neither drug court nor probation were options due to Whitehead committing new crimes and failing to report as directed. Under these circumstances, we do not find that the district court acted arbitrarily, fancifully, or unreasonably in its decision to order Whitehead to serve his prison term. See *Tafolla*, 315 Kan. at 328.

Affirmed.